UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN           No. 22-CV-2129-LTS
RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, et al.,

                      Petitioners,

   -v-

DREAMWORKS CONTRACTING LLC,

                      Respondent.

-------------------------------------------------------x

ORDER FOR SUPPLEMENTAL BRIEFING

Pending before the Court is a Petition to Confirm an Arbitration Award (the "Petition") pursuant to section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. section 9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185. (See docket entry nos. 1, 5.)

Because Respondent has failed to appear in this action and respond to this Petition, the Court regards the Petition as an unopposed motion for summary judgment. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109-10 (2d Cir. 2006). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Although Respondent has chosen "the perilous path of failing to submit a response" to the Petition, the Court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for

trial." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks and citation omitted).  If the evidence submitted in support of the Petition "does not meet the movant's burden of production, then summary judgment must be denied <u>even if no opposing evidentiary matter is presented</u>." D.H. Blair, 462 F.3d at 109-10 (emphasis in original) (citations omitted).

Ordinarily, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]" Seneca Nation of Indians v. New York, 988 F.3d 618, 625 (2d Cir. 2021) (citation omitted).  However, "[a]rbitration is a creature of contract; a party therefore cannot be required to submit to arbitration any dispute which it has not agreed to submit." Doe v. Trump Corp., 6 F.4th 400, 412 (2d Cir. 2021) (citation omitted).  The question of whether an arbitration agreement was ever concluded is generally an issue for judicial determination. See, e.g., Granite Rock v. Int'l Bhd. of Teamsters, 561 U.S. 287, 296-97 (2010) (citations omitted) (gathering cases for the proposition that, "where the dispute at issue concerns contract formation, the dispute is generally for courts to decide").

The unopposed record submitted by Petitioners establishes that, on or about March 16, 2018, Respondent executed a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters for the retroactive period of July 1, 2011, through May 31, 2017.  (Docket entry no. 1 ("Petition") ¶ 10; docket entry no. 1-2 ("CBA") at 8, 50.) Although the term of the signed CBA ended on May 31, 2017, Petitioner asserts that, "[b]y continuously reporting and remitting contributions to the Funds, Respondent demonstrated, at all relevant times, an intent to be bound to the to the CBA[.]."  (Petition ¶ 12 (citing Brown v. C. Volante Corp., No. 95-CV-1406-NG, 1997 U.S. Dist. LEXIS 21985, at *8 (E.D.N.Y. July 30,

1997), aff'd, 194 F.3d 351 (2d Cir. 1999)).)  In support of this assertion, Petitioner has submitted a remittance report summary for Respondent for work performed between June 10, 2018, and March 17, 2019.  (See docket entry no. 1-3 ("Remittance Report").)  The receipt dates of these reports range from July 11, 2018, through July 8, 2019, and the remittance amounts total approximately $96,000.  (Id.)  Petitioner requests that the Court confirm an arbitration award for unremitted contributions to the Funds for a period following the term of the signed CBA, namely June 6, 2018, through an unspecified date.  (Petition ¶ 24; id. at 8.)

        The Court requires supplemental briefing concerning Respondent's intent to be bound to the CBA following the period specified therein, such that the CBA's arbitration clause governed the instant dispute.  Specifically, the Court directs Petitioners to submit further evidence substantiating the claim that Respondent intended to be bound to the CBA, no later than **30 days** from entry of this Order, in light of the fact that Respondent signed a retroactive agreement in March of 2018, refused to submit to an audit, remitted contributions for only one employee for much of the relevant period, and no other correspondence or documentation regarding performance subsequent to the CBA's stated period has been proffered.  See Brown v. C. Volante Corp., 1997 U.S. Dist. LEXIS 21985, at *7-*8 (noting, inter alia, that the employer "acceded without challenge" to request for an audit, acknowledged in writing "a responsibility to the funds," which the employer offered to settle, submitted remittance reports for 61 consecutive months, and paid all employees union scale); cf., e.g., Panek v. Cimato Bros. Constr., Inc., No. 02-CV-333-(A), 2007 U.S. Dist. LEXIS 76359, at *11-*13 (W.D.N.Y. Oct. 15, 2007) (finding submission of benefit payments and remittance reports insufficient to manifest intent to be bound to unsigned CBAs where remaining conduct inconsistent with CBAs, e.g., employer never submitted to audit and paid contributions on behalf of some, but not all, employees).

Petitioners are further directed to serve a copy of this Order on Respondent and file proof of such service on the docket.  Should Respondent wish to respond, its submission shall be filed no later than **14 days** after Petitioners' supplemental filing on the foregoing issues.

SO ORDERED.

Dated: New York, New York
March 27, 2024

   /s/   Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge